Dear Ms. Babin:
You have asked this office to advise whether Ms. Susan Early, who holds full time and unclassified employment with the Lafourche Parish School Board as a nurse, may continue to hold her position of employment should she be elected to serve as a member of the Lafourche Parish Council in the October 2011 election.
Your question first prompts our review of the provisions of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq. Therein, La.R.S. 42:63(D) provides, in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . .
[Emphasis added.]
While La.R.S. 42:63(D) prohibits one from holding employment in the same political subdivision in which he holds elective office, the statute does not prohibit an elected official from holding employment in a separate political subdivision. Because the parish and the school board are separate political subdivisions under La.R.S. 42:62(9)[1], La.R.S. 42:63(D) as applied here would not prohibit an *Page 2 
unclassified employee of the Lafourche Parish School Board from at the same time holding elective office as a member of the Lafourche Parish Council.
We point out here that Lafourche Parish is a home rule charter government. Home rule charter provisions which prohibit one from holding elective office and at the same time holding a position of public employment control over state law which would not prohibit the concurrent holding of both positions. In the alternative, home rule charter provisions which permit one to hold two particular positions control over state law to the contrary. See
La.R.S. 42:66(D).[2]
An examination of the Lafourche Parish Home Rule Charter reflects the charter provides the following language relative to dual officeholding at Article III (2)(K)(1):
 No member of the Council shall hold any other elected public office nor be a compensated official or employee of the Parish during the term for which elected.
Section (2)(K)(1) does not prohibit a parish council member from at the same time holding full-time employment with the school board. Accordingly, it is the opinion of this office that neither state law governing dual officeholding nor parish charter provisions would prohibit Ms. Early from holding unclassified employment with the Lafourche Parish School Board while at the same time serving as a member of the Lafourche Parish Council.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] La.R.S. 42:62(9) defines a "political subdivision" as "a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions . . ."
[2] La.R.S. 42:66(D) states that "nothing in the Part shall be construed to prohibit a municipal and/or parochial officer or employee from holding another municipal and/or parochial officer or employment as specifically authorized by a legislative or home rule charter, nor shall it be construed to authorize a municipal and/or parochial officer or employee to hold another municipal and/or parochial office or employment when prohibited by a home rule charter."